UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARON ANTHONY MINGO,

                Petitioner,

vs.                              Case No.  2:03-cv-95-FtM-29DNF

JAMES V. CROSBY, JR.,

                Respondent.
_____

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner, Laron Anthony Mingo[1], proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on February 21, 2003[2] as amended by his untitled pleading (Doc. #8) filed May 5, 2003 (collectively the "Petition"). The Petition herein challenges Petitioner's January 19, 1999, state court judgments of conviction for sale of

---

[1] Petitioner was released from incarceration on October 1, 2006. Respondent is "unable to conclude there is no collateral consequences as a result of [Petitioner's] judgments of conviction" challenged herein. Respondent's Return to Order, Supplemental Response, Memorandum at page 3. (Doc. #22.) Consequently, the Court does not deem the Petition moot. Spencer v. Lemna, 523 U.S. 1, 7-8 (1998).

[2] The Petition (Doc. #1) was filed in this Court on February 28, 2003; however, the Court deems the Petition filed when delivered to prison authorities for mailing and, absent evidence to the contrary is assumed to be the date the inmate signed the document (February 21, 2003). See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). If applicable, the Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

cocaine and possession of cocaine with intent to sell (case no. 98-885-CFA) and sale of cocaine and possession of cocaine with intent to sell (case no. 98-886-CFA) that were entered in the Twentieth Judicial Circuit Court, Collier County, Florida, to which Petitioner pled *nolo contendre* (Exhs. ##1-3).[3]  Petitioner also pled guilty to parole violations previously imposed in case no. 95-431 and no. 95-1801 (Exh. #3).  Petitioner was sentenced to 57.2 months imprisonment for each case, the sentences to run concurrently (Exhs. ##5-6).

Petitioner did not directly appeal the state court judgments. Petitioner filed the first collateral attack of his conviction by filing a Rule 3.800(a) Motion on June 15, 2000, which was denied on July 27, 2000 (Exhs. ##16-17).  Petitioner did not appeal the denial of the Rule 3.800 motion.  Subsequent to the filing his Rule 3.800 motion, Petitioner filed various other motions for post-conviction relief and appeals regarding the denial of the same (Exhs. #30, #31, #33, #46, #48, and #52).  Ultimately, Petitioner was denied any relief in these subsequent post-conviction motions (Exhs. #32, #39, #47, #39, #49 and #56).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter

---

[3] The Court will hereinafter refer to as the exhibits referenced in and submitted in support of Respondent's Amended Response to the Petition (Doc. #15) as "Exh."

AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent contends that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Amended Response to Order to Show Cause at page 6 (Doc. #12). Respondent submits exhibits in support of its Amended Response (Doc. #15). Petitioner was given admonitions and a time frame to file a Reply to the Amended Response. See Order of Court (Doc. #4). On July 7, 2003, Petitioner filed a Reply to Respondent's Amended Response (Doc. #16).

Since Petitioner did not directly appeal his January 19, 1999 conviction, his state conviction became final on February 18, 1999 (after the thirty-day time period for filing an appeal expired). Consequently, Petitioner's conviction was final <u>after</u> the effective date of the one-year AEDPA's limitations period. Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on February 18, 2000. The Petition filed in this Court on February 28, 2003 would be untimely, unless Petitioner could avail himself of one of the statutory provisions which extends or tolls the one-year time period.

Here, Petitioner did not file any motions for post conviction relief until <u>after</u> the expiration of the federal one-year limitation period had expired. Consequently, whether Petitioner's motions for post conviction relief are deemed properly filed or not, is inconsequential for purposes of determining the timeliness of the Petition *sub judice*. "Once the AEDPA's limitations period

-4-

expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)).

In his Reply, Petitioner does not articulate any justifiable reason[4] why the dictates of the one-year limitations period should not be imposed upon him. Neither does Petitioner allege actual innocence, nor present any new evidence which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. See Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence")(citations omitted).

Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

---

[4] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted).

**ADJUDGED:**

1.  The case is **DISMISSED** with prejudice.

2.  The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___16th___ day of November, 2006.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record